IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL
CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL ACTION

**R. W.,**
     **Plaintiff,**

**vs.**                         **CASE NO:**   **100022696**
                                     **Division J**

**ARMOR CORRECTIONAL**
**HEALTH SERVICES, INC.,**
**a Florida Corporation,**

**and**

**MICHELE SPINELLI,**
**an individual,**

**and**

**DAVID GEE,**
**Sheriff of Hillsborough County,**
**in his official capacity,**

     **Defendants.**
_____/

## AMENDED COMPLAINT

COMES NOW the Plaintiff, R. W., and, in this amended complaint, sues the Defendants,

Armor Correctional Health Services, Inc., a Florida Corporation, Michele Spinelli, an individual,

and David Gee, in his official capacity as Sheriff of Hillsborough County and alleges the

following:

### Jurisdiction and Venue

1.     This is an action for damages that exceeds $15,000.00.

2.     The Defendant, Armor Correctional Health Services, Inc., (hereinafter "Armor") is

a Florida Corporation with its registered agent located at 4960 SW 72nd Ave., 400, Miami, FL 33155.

3.      The Defendant, Michele Spinelli, (hereinafter "Spinelli") at all relevant times, was and is a Florida resident.

4.      The Defendant, David Gee (hereinafter "Gee"), was and is at all relevant times, the Sheriff of Hillsborough County.

5.      On January 28, 2007, the events which are the basis of this complaint took place in Hillsborough County, Florida.

6.      The action against Armor, Spinelli and Gee in Counts I through XII of this Amended Complaint is brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

7.      In the action against Armor, Spinelli and Gee in Counts I through XII of this Amended Complaint, jurisdiction is proper under 42 U.S.C. § 1983 for the claims of deprivation of clearly established federally protected rights in State or Federal Court. Howlett v. Rose, 496 U.S. 356 (1990).

8.      In connection with the acts, practices and violations alleged in the action against Armor, Spinelli and Gee in Counts I through XII of this Amended Complaint, Armor, Spinelli and Gee have directly or indirectly violated the Plaintiff's constitutional rights. Ingraham v. Wright, 430 U.S. 651 (1933).

9.      Supplemental jurisdiction is proper under 28 U.S.C. § 1367 for the state law claims as alleged in this Amended Complaint in that they arise out of the same transaction as the claims under 42 U.S.C. § 1983.

2

## Statute of Limitations

10.     The motion to amend the initial complaint alleging conduct by Armor, Spinelli and Gee which occurred January 28, 2007, is timely filed within the relevant statute of limitations.

## Compliance with Conditions Predicate

11.     The Plaintiff has complied with all conditions predicate for the filing of this Complaint and, specifically, with the notice requirements of Florida Statutes § 768.28(6) by the correspondence dated May 5, 2009 providing notice to the Defendant David Gee, in his official capacity as Sheriff of Hillsborough County, and to the Florida Department of Financial Services.

## Parties

12.     The Plaintiff, at all times material hereto, was a pre-trial detainee, incarcerated in the Hillsborough County Jail, Orient Road, Hillsborough County Florida; the Plaintiff is no longer a prisoner in that, or any other, penal facility.

13.     Armor, at all times material hereto, was a Florida corporation that, as an independent contractor, provided medical services at the Hillsborough County Jail on Orient Road, Tampa, Florida, pursuant to a contract with the Gee, in his official capacity as Sheriff of Hillsborough County.

14.     Therefore, Armor was a privately contracted provider.

15.     Armor, as a privately contracted provider who provided medical services pursuant to a contract with Gee, in his official capacity as Sheriff of Hillsborough County, acted under the color of state law. West v. Atkins, 487 U.S. 42, 50 (1988).

16.     Armor, as a privately contracted provider who provided medical services pursuant to a contract with Gee, in his official capacity as Sheriff of Hillsborough County, acting under the color of state law, was a "person" as that term is used under 42 U.S.C. § 1983.

17.     The action under 42 U.S.C. § 1983, as set forth in Counts IV through VIII of this Amended Complaint and the state law actions as alleged herein are brought against Armor as a "person" as that term is used under 42 U.S.C. § 1983, and as a Florida corporation.

18.     Armor, at all times material hereto, had the right of control, and exercised that right, over its employees, as to the means to be used in carrying out their duties within the scope of their employment.

19.     Spinelli, at all time material hereto, was an employee of Armor and a resident of the jurisdiction.

20.     Spinelli, as an employee of Armor, provided medical services at the Hillsborough County Jail on Orient Road, Tampa, Florida, pursuant to the contract between Armor and Gee, in his official capacity as Sheriff of Hillsborough County.

21.     Therefore, Spinelli, as an employee of Armor, was a privately contracted provider.

22.     The action under 42 U.S.C. § 1983, as set forth in Counts I through IV of this Amended Complaint and the state law actions as alleged herein are brought against Spinelli, personally.

23.     Spinelli, at all relevant times, as a privately contracted provider who, under the "color of state law," provided services pursuant to the contract between Armor and Gee, was a "person" acting under state law as that term is used under 42 U.S.C. § 1983.

24.     The Plaintiff was an intended third-party beneficiary of the contract between Armor and Gee because the contract clearly expressed an intent to primarily and directly benefit the Plaintiff or a class of persons to which the Plaintiff belonged (to wit: the inmates at Orient Road jail). Morgan Stanley DW Inc v. Halliday, 873 So.2d 400, 403 (Fla. 4th DCA 2004).

4

25.     The Plaintiff has not been afforded a copy of the contract between Armor

and Gee despite having requested it and therefore is not able to attach it to this Amended

Complaint; however, the Plaintiff reserves the right to Amend this Amended Complaint for the

purpose of attaching a copy of the contract to that Second Amended Complaint.

26.     Gee is sued in his official capacity as Sheriff of Hillsborough County.

## Factual Allegations Common to All Counts

27.     On January 27, 2007, the Plaintiff was raped by an unidentified assailant in broad

daylight.

28.     On the same day, the rape was reported to the Tampa Police Department

(hereinafter "TPD").

29.     The Plaintiff was taken by a TPD Officer to the TPD's Rape Crisis Center where

specimens were taken and evidence collected.

30.     The Plaintiff cooperated with the Rape Crisis Center personnel in their "rape kit"

procedure and received two anti-conception pills which were prescribed by the Rape Crisis Center

attending medical doctor.

31.     At the direction of the Rape Crisis Center's medical doctor, the Plaintiff took one

of the pills while at the Rape Crisis Center and took the other pill with her, along with written

instructions from the doctor to take it twelve (12) hours later.

32.     Then, on the same day, January 27, 2007, the Plaintiff accompanied the TPD

Officer back to the area where the rape took place in an attempt to locate the exact crime scene so

that the TPD could investigate the scene and apprehend the rapist.

33.     Before the scene could be located and investigated, the TPD Officer discovered

5

that the Plaintiff was the subject of an arrest warrant.

34. The warrant was related to a juvenile case brought against the Plaintiff (who has since attained her majority) three years earlier and alleged contempt of court for failing to appear at a hearing involving an alleged failure to pay restitution.

35. The summons for the hearing was never served and the Plaintiff had no knowledge of either the hearing or the arrest warrant that was issued for failure to appear.

36. Nevertheless, the TPD Officer arrested the Plaintiff and took the Plaintiff to the Hillsborough County Jail on Orient Road, Tampa, Florida.

37. While incarcerated in the Hillsborough County Jail on Orient Road, Tampa, Florida, the remaining anti-conception pill, along with the written instructions from the medical doctor that the Plaintiff take it within 12 hours, was taken away from the Plaintiff

38. Spinelli, as part of her duties to serve her employer, Armor, was charged with the decisions involving the care of the Plaintiff, including whether or not to dispense the previously prescribed medication to the Plaintiff.

39. The next morning, on January 28, 2007, when it came time for her to take the pill, the Plaintiff requested it from Spinelli; in so doing, the Plaintiff explained that she had been recently raped and that she needed the pill within the time frame prescribed by the Rape Crisis Center medical doctor to insure that she would not get pregnant as a result of the rape.

40. In asking for the previously prescribed pill, the Plaintiff was requesting that Spinelli perform a custodial and supervisory activity.

41. Spinelli, in maintaining the pill for the Plaintiff that had already been prescribed by a physician, was functioning only as an intermediary and Spinelli, in her compliance (or non-compliance) with this function did not engage in any medical skill or judgment. See Bell

6

v. Indian River Memorial Hospital, 778 So. 2d 1030, 1033 (Fla. 4 th DCA 2001) citing Lynn v. Mount Sinai Medical Center, Inc., 692 So.2d 1002, 1003 (Fla. 3 d DCA).

42.     As further indication that Spinelli, in this instance, did not engage in any medical skill or judgment, Spinelli told the Plaintiff that Spinelli would not give her the pill because it was against her (Spinelli's) religious beliefs.

43.     Thus Spinelli's conduct was motivated by Spinelli's desire to make the Plaintiff conform to Spinelli's own religious beliefs, exclusive of any medical skill or judgment.

44.     Therefore, Spinelli's wrongful act in refusing to deliver the previously prescribed pill to the Plaintiff was not directly related to the improper application of medical services, and the use of professional judgment and skill, because no medical services were applied, and the use of medical services and skill were not involved. Lynn v. Mount Sinai Medical Center at 1033; see also O'Shea v. Phillips, 746 So.2d 1105, 1108 (Fla. 4th DCA 1999), review denied, 767 So.2d 459 (Fla. 2000); Liles v. P.I.A. Medfield, Inc., 681 So. 2d 711, 712 (Fla. 2d DCA 1995): Stackhouse v. Emerson, 611 So. 2d 1365 (Fla. 5th DCA 1993).

45.     The Plaintiff remained in jail without bond until, finally, on January 29, 2007, the bond was restored, posted, and the Plaintiff was released.

46.     On January 29, 2007, just before her release, the Plaintiff was allowed to take the anti-contraceptive pill.

47.     However, by that time, the effectiveness of the pill had been compromised.

## COUNT I - SPINELLI - ABRIDGEMENT OF RIGHT TO FREE EXERCISE OF RELIGION, COGNIZABLE UNDER 42 U.S.C. § 1983

48.     The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as set forth above.

49.     Spinelli wrongfully refused to deliver the previously prescribed pill to the
Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs.

50.     The Plaintiff's religious beliefs with respect to taking the previously
prescribed pill were contrary to those of Spinelli.

51.     Therefore, Spinelli forced the Plaintiff to obey the tenet's of her (Spinelli's)
own religion against the Plaintiff's will.

52.     In so doing, Spinelli, while acting under the "color of state law," interfered
with the Plaintiff's right of free exercise of religion which is guaranteed by the First Amendment
to the United States Constitution.

53.     Spinelli, in wrongfully refusing to deliver the previously prescribed pill to the
Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs, acted maliciously and
sadistically, with the intent of causing harm.

54.     The conduct of Spinelli, a person acting under the "color of state law",
proximately caused the Plaintiff to be deprived of clearly established federally protected rights
under the First Amendment and 42 U.S.C. § 1983.

55.     Spinelli's conduct, in wrongfully refusing to deliver the previously prescribed
pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs, violated
federal law protecting freedom of religion, including First Amendment standards.

56.     The Plaintiff's deprivation of clearly established federally protected rights
under federal law, including First Amendment standards, was the reasonably foreseeable
consequences of Spinelli's conduct.

57.     As the foreseeable result of the Plaintiff's deprivation of clearly established
federally protected rights under federal law, including First Amendment standards, the Plaintiff

8

suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Spinelli's malicious and sadistic conduct caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Spinelli's conduct was causing her to continue with a pregnancy which would have been the product of a rape.  The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

58.    Wherefore the Plaintiff demands judgement for nominal, compensatory and punitive damages against Spinelli, court costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT II - SPINELLI - ABRIDGEMENT OF RIGHT TO PRIVACY, COGNIZABLE UNDER 42 U.S.C. § 1983

59.    The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as set forth above.

60.    The United States Supreme Court has held that the rights emanating from the Fourteenth Amendment are broad enough to include "the right of the individual, married or single, to be free from unwarranted government intrusion into matters so fundamentally affecting a person as the decision whether to bear or beget a child." Eisenstadt v. Baird, 405 U.S. 438, 453, 92 S.Ct. 1029, 1038 (1972) (emphasis omitted); Roe v. Wade, 410 U.S. 113, 153, 93 S.Ct. 705, 726 (1973).

61.    In wrongfully refusing to let the Plaintiff take the previously prescribed pill, Spinelli, committed an "unwarranted governmental intrusion into matters so fundamentally affecting a person as the decision whether to bear or beget a child."

62.    Therefore, Spinelli, while acting under the "color of state law," interfered

9

with the Plaintiff's right of privacy which is guaranteed by the rights emanating from the Fourteenth Amendment to the United States Constitution.

63.     Spinelli, in committing an unwarranted governmental intrusion into the Plaintiff's right to privacy, acted maliciously and sadistically, with the intent of causing harm.

64.     The conduct of Spinelli, a person acting under the "color of state law", proximately caused the Plaintiff to be deprived of clearly established federally protected rights under the Fourteenth Amendment and 42 U.S.C. § 1983.

65.     Spinelli's conduct, in committing an unwarranted governmental intrusion into the Plaintiff's right to privacy, violated federal law protecting privacy rights, including Fourteenth Amendment standards.

66.     The Plaintiff's deprivation of clearly established federally protected privacy rights under federal law, including Fourteenth Amendment standards, was the reasonably foreseeable consequences of Spinelli's conduct.

67.     As the foreseeable result of the Plaintiff's deprivation of clearly established federally protected privacy rights under federal law, including Fourteenth Amendment standards, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement. mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Spinelli's malicious and sadistic conduct caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Spinelli's conduct was causing her to continue with a pregnancy which would have been the product of a rape. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

68.     Wherefore the Plaintiff demands judgement for nominal, compensatory and

10

punitive damages against Spinelli, court costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT III - SPINELLI - ABRIDGEMENT OF RIGHT TO EQUAL PROTECTION, COGNIZABLE UNDER 42 U.S.C. § 1983

69.     The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as set forth above.

70.     The Fourteenth Amendment guarantees individuals Equal Protection of the laws.

71.     Spinelli's reason for refusing to let the Plaintiff take the previously prescribed pill was based exclusively on the Plaintiff's gender and the Plaintiff's ability as a woman to beget and bear a child.

72.     Therefore, Spinelli, while acting under the "color of state law," discriminated against the Plaintiff based exclusively on the Plaintiff's gender in violation of the Equal Protection Clause of the Fourteenth Amendment.

73.     Spinelli, in violating the Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment, acted maliciously and sadistically, with the intent of causing harm.

74.     The conduct of Spinelli, a person acting under the "color of state law," proximately caused the Plaintiff to be deprived of clearly established federally protected rights under the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

75.     Spinelli's conduct, in abridging the Plaintiff's rights protected by the Equal Protection Clause of the Fourteenth Amendment, violated federal law, including Fourteenth Amendment standards, protecting individuals from discrimination based on gender.

76.     The Plaintiff's deprivation of rights protected by the Equal Protection Clause of the Fourteenth Amendment was the reasonably foreseeable consequences of Spinelli's conduct.

77.     As the foreseeable result of the Plaintiff's deprivation of clearly established

11

federally protected rights under federal law, including rights protected by the Equal Protection Clause of the Fourteenth Amendment, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement. mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Spinelli's malicious and sadistic conduct caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Spinelli's conduct was causing her to continue with a pregnancy which would have been the product of a rape. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

78.     Wherefore the Plaintiff demands judgement for nominal, compensatory and punitive damages against Spinelli, court costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT IV - SPINELLI - DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED, COGNIZABLE UNDER 42 U.S.C. § 1983

79.     The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as set forth above.

80.     The Due Process Clause of the Fourteenth Amendment protects pre-trial detainees from deliberate indifference by state actors to serious medical needs.

81.     Spinelli's wrongful refusal to deliver the previously prescribed pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs, constituted deliberate indifference to serious medical need.

82.     Spinelli's wrongful refusal to deliver the previously prescribed pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs, constituted a substantial risk or serious harm because of the risk that the Plaintiff would continue with a pregnancy that was the result of a rape.

12

83.     The Plaintiff's medical need was serious because it had been diagnosed by a

physician as mandating that the Plaintiff take the pill or was a need so obvious that even a lay

person would easily recognize the necessity that the Plaintiff take the pill.

84.     At all relevant times, Spinelli was aware of facts from which the inference

could be drawn that a substantial risk of serious harm existed and drew the inference.

85.     The conduct of Spinelli, a person acting under the "color of state law,"

proximately caused the Plaintiff to be deprived of clearly established federally protected rights

under the Fourteenth Amendment and 42 U.S.C. § 1983.

86.     Spinelli's wrongful refusal to deliver the previously prescribed pill to the

Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs, in deliberate indifference

to serious medical need, violated federal law, including Fourteenth Amendment standards.

87.     Spinelli, in violating the Plaintiff's Due Process rights under the Fourteenth

Amendment, acted maliciously and sadistically, with the intent of causing harm.

88.     The Plaintiff's deprivation of rights protected by the Due Process Clause of

the Fourteenth Amendment was the reasonably foreseeable consequences of Spinelli's conduct.

89.     As the foreseeable result of the Plaintiff's deprivation of clearly established

federally protected rights under federal law, including rights protected by the Due Process Clause

of the Fourteenth Amendment , the Plaintiff suffered bodily injury and resulting pain and suffering,

disability, disfigurement. mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn

money, and aggravation of a previously existing condition. Furthermore, Spinelli's malicious and

sadistic conduct caused the Plaintiff to suffer emotional distress and the emotional distress was

severe because the Plaintiff reasonably believed Spinelli's conduct was causing her to continue

13

with a pregnancy which would have been the product of a rape. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

90. Wherefore the Plaintiff demands judgement for nominal, compensatory and punitive damages against Spinelli, court costs and attorney's fees pursuant to 42 U.S.C. § 1988

## COUNT V - ARMOR - ABRIDGMENT OF RIGHT TO FREE EXERCISE OF RELIGION, COGNIZABLE UNDER 42 U.S.C. § 1983

91. The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) and forty-nine (49) through (57) as set forth above.

92. Spinelli, in wrongfully refusing to deliver the previously prescribed pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs in violation of the Free Exercise Clause of the First Amendment, was acting personally and also (or alternatively) in her official capacity as an employee of the Armor.

93. Spinelli committed the constitutional torts as set forth in the Amended Complaint in the course and scope of Spinelli's employment.

94. As a general rule, a corporation is liable, like a natural person, for the torts of its officers or agents committed in the course and scope of their employment. Sims v. Jefferson Downs Racing Association, Inc., 778 F.2d 1068, 1081 (5th Cir. 1989).

95. Therefore, Armor, a "person" acting under the "color of state law," is liable for the abridgement of the Plaintiff's right to free exercise of religion committed by Spinelli, for the same reasons and to the same extent that Spinelli is liable as set forth above.

96. As the foreseeable result of the Plaintiff's deprivation of clearly established federally protected rights under federal law, including First Amendment standards, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement. mental anguish,

14

loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Armor's malicious and sadistic conduct caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Armor's conduct was causing her to continue with a pregnancy which would have been the product of a rape. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

97.     Wherefore the Plaintiff demands judgement for nominal, compensatory and punitive damages against Armor, court costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT VI - ARMOR - ABRIDGEMENT OF RIGHT TO PRIVACY, COGNIZABLE UNDER 42 U.S.C. § 1983

98.     The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) and sixty (60) through sixty-seven (67) as set forth above.

99.     Spinelli, in wrongfully refusing to deliver the previously prescribed pill to the Plaintiff in contravention of the Plaintiff's fundamental right of privacy emanating from the Fourteenth Amendment, was acting personally and also (or alternatively) in her official capacity as an employee of the Armor.

100.    Spinelli committed the constitutional torts as set forth in the Complaint in the course and scope of Spinelli's employment.

101.    As a general rule, a corporation is liable, like a natural person, for the torts of its officers or agents committed in the course and scope of their employment. Sims v. Jefferson Downs Racing Association, Inc., 778 F.2d 1068, 1081 (5th Cir. 1989).

102.    Therefore, Armor, a "person" acting under the "color of state law," is liable for the abridgement of the Plaintiff's fundamental right to privacy committed by Spinelli, for the same

reasons and to the same extent that Spinelli is liable as set forth above.

103.     As the foreseeable result of the Plaintiff's deprivation of clearly established federally protected rights under federal law, including Fourteenth Amendment standards, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement. mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Armor's malicious and sadistic conduct caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Armor's conduct was causing her to continue with a pregnancy which would have been the product of a rape. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

104.     Wherefore the Plaintiff demands judgement for nominal, compensatory and punitive damages against Armor, court costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT VII - ARMOR - ABRIDGEMENT OF RIGHT TO EQUAL PROTECTION, COGNIZABLE UNDER 42 U.S.C. § 1983

105.     The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) and seventy (70) through seventy-seven (77) as set forth above.

106.     Spinelli, in wrongfully refusing to deliver the previously prescribed pill to the Plaintiff as an act of gender based discrimination against the Plaintiff in contravention of the Equal Protection Clause of the Fourteenth Amendment, was acting personally and also (or alternatively) in her official capacity as an employee of the Armor.

107.     Spinelli committed the constitutional torts as set forth in the Complaint in the course and scope of Spinelli's employment.

108.     As a general rule, a corporation is liable, like a natural person, for the torts of its

16

officers or agents committed in the course and scope of their employment. Sims v. Jefferson Downs Racing Association, Inc., 778 F.2d 1068, 1081 (5th Cir. 1989).

109.     Therefore, Armor, a "person" acting under the "color of state law," is liable for the abridgement of the Plaintiff's fundamental right to privacy committed by Spinelli, for the same reasons and to the same extent that Spinelli is liable as set forth above.

110.     As the foreseeable result of the Plaintiff's deprivation of clearly established federally protected rights under federal law, including Fourteenth Amendment standards, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement. mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  Furthermore, Armor's malicious and sadistic conduct caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Armor's conduct was causing her to continue with a pregnancy which would have been the product of a rape.   The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

111.     Wherefore the Plaintiff demands judgement for nominal, compensatory and punitive damages against Armor, court costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT VIII - ARMOR - DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED, COGNIZABLE UNDER 42 U.S.C. § 1983

112.     The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) and eighty (80) through eighty-nine (89) as set forth above.

113.     Spinelli, in wrongfully refusing to deliver the previously prescribed pill to the Plaintiff in deliberate indifference to serious medical need in contravention of the Due Process Clause of the Fourteenth Amendment, was acting personally and also (or alternatively) in her

official capacity as an employee of the Armor.

114.    Spinelli committed the constitutional torts as set forth in the Complaint in the course and scope of Spinelli's employment.

115.    As a general rule, a corporation is liable, like a natural person, for the torts of its officers or agents committed in the course and scope of their employment. Sims v. Jefferson Downs Racing Association, Inc., 778 F.2d 1068, 1081 (5th Cir. 1989).

116.    Therefore, Armor, a "person" acting under the "color of state law," is liable for the deliberate indifference to the Plaintiff's serious medical need committed by Spinelli, for the same reasons and to the same extent that Spinelli is liable as set forth above.

117.    As the foreseeable result of the Plaintiff's deprivation of clearly established federally protected rights under federal law, including Fourteenth Amendment standards, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement. mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Armor's malicious and sadistic conduct caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Armor's conduct was causing her to continue with a pregnancy which would have been the product of a rape.   The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

118.    Wherefore the Plaintiff demands judgement for nominal, compensatory and punitive damages against Armor, court costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT IX - GEE - ABRIDGMENT OF RIGHT TO FREE EXERCISE OF RELIGION, COGNIZABLE UNDER 42 U.S.C. § 1983

119.    The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) and forty-nine

18

(49) through (57) as set forth above.

120.    Spinelli, in wrongfully refusing to deliver the previously prescribed pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs in violation of the Free Exercise Clause of the First Amendment, made that decision as the person designated by Gee, in his official capacity as Sheriff of Hillsborough County, with "final policymaking authority" over whether to provide previously prescribed contraceptive medication to inmates at the Orient Road jail when such action was contrary to Spinelli's own religious beliefs. St. Louis v. Praprotnick, 485 U.S. 112, 113 (1988). See also Pembaur v. Cincinnati, 475 U.S. 469 (1986).

121.    Spinelli's enforcement of Gee's policy to wrongfully refuse to deliver the previously prescribed pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs in violation of the Free Exercise Clause of the First Amendment was the "moving force" behind the violation of the Plaintiff's federally protected rights. Board of County Commissioners v. Brown, 520 U.S. 397 (1997); City of Canton v. Harris, 489 U.S. 378 (1989).

122.    Therefore, Gee is liable for the abridgement of the Plaintiff's right to free exercise of religion.

123.    As the foreseeable result of the Plaintiff's deprivation of clearly established federally protected rights under federal law, including First Amendment standards, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement. mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Gee's policy caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Gee's policy was causing her to continue with a pregnancy which would have been the product of a rape.  The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

124.     Wherefore the Plaintiff demands judgement for nominal, compensatory and

punitive damages against Gee, court costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT X - GEE - ABRIDGEMENT OF RIGHT TO PRIVACY, COGNIZABLE UNDER 42 U.S.C. § 1983

125.     The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) and sixty (60)

through sixty-seven (67) as set forth above.

126.     Spinelli, in wrongfully refusing to deliver the previously prescribed pill to the

Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs in violation of the

Plaintiff's fundamental privacy rights emanating from the Fourteenth Amendment, made that

decision as the person designated by Gee, in his official capacity as Sheriff of Hillsborough

County, with "final policymaking authority" over whether to provide previously prescribed

contraceptive medication to inmates at the Orient Road jail when such action was contrary to

Spinelli's own religious beliefs. St. Louis v. Praprotnick, 485 U.S. 112, 113 (1988). See also

Pembaur v. Cincinnati, 475 U.S. 469 (1986).

127.     Spinelli's enforcement of Gee's policy to wrongfully refuse to deliver the

previously prescribed pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious

beliefs in violation of the Plaintiff's Fourteenth Amendment privacy rights was the "moving force"

behind the violation of the Plaintiff's federally protected rights. Board of County Commissioners

v. Brown, 520 U.S. 397 (1997); City of Canton v. Harris, 489 U.S. 378 (1989).

128.     Therefore, Gee is liable for the abridgement of the Plaintiff's fundamental right to

privacy.

129.     As the foreseeable result of the Plaintiff's deprivation of clearly established

federally protected rights under federal law, including Fourteenth Amendment standards, the

Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement. mental

20

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Gee's policy caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Gee's policy was causing her to continue with a pregnancy which would have been the product of a rape. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

130.     Wherefore the Plaintiff demands judgement for nominal, compensatory and punitive damages against Gee, court costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT XI - GEE - ABRIDGEMENT OF RIGHT TO EQUAL PROTECTION, COGNIZABLE UNDER 42 U.S.C. § 1983

131.     The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) and seventy (70) through seventy-seven (77) as set forth above.

132.     Spinelli, in wrongfully refusing to deliver the previously prescribed pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs in violation of the Equal Protection Clause of the Fourteenth Amendment, made that decision as the person designated by Gee, in his official capacity as Sheriff of Hillsborough County, with "final policymaking authority" over whether to provide previously prescribed contraceptive medication to inmates at the Orient Road jail when such action was contrary to Spinelli's own religious beliefs. St. Louis v. Praprotnick, 485 U.S. 112, 113 (1988). See also Pembaur v. Cincinnati, 475 U.S. 469 (1986).

133.     Spinelli's enforcement of Gee's policy to wrongfully refuse to deliver the previously prescribed pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs in violation of the Equal Protection Clause of the Fourteenth Amendment was the "moving force" behind the violation of the Plaintiff's federally protected rights prohibiting gender based discrimination. Board of County Commissioners v. Brown, 520 U.S. 397 (1997); City of Canton

v. Harris, 489 U.S. 378 (1989).

134.    Therefore, Gee is liable for the abridgement of the Plaintiff's right to equal
protection under the law.

135.    As the foreseeable result of the Plaintiff's deprivation of clearly established
federally protected rights under federal law, including Fourteenth Amendment standards, the
Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement. mental
anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing
care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously
existing condition. Furthermore, Gee's policy caused the Plaintiff to suffer emotional distress and
the emotional distress was severe because the Plaintiff reasonably believed Gee's policy was
causing her to continue with a pregnancy which would have been the product of a rape. The
losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

136.    Wherefore the Plaintiff demands judgement for nominal, compensatory and
punitive damages against Gee, court costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT XII - GEE - DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED, COGNIZABLE UNDER 42 U.S.C. § 1983

137.    The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) and eighty
(80) through eighty-nine (89) as set forth above.

138.    Spinelli, in wrongfully refusing to deliver the previously prescribed pill to the
Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs in violation of the Due
Process Clause of the Fourteenth Amendment, made that decision as the person designated by
Gee, in his official capacity as Sheriff of Hillsborough County, with "final policymaking authority"
over whether to provide previously prescribed contraceptive medication to inmates at the Orient
Road jail when such action was contrary to Spinelli's own religious beliefs. St. Louis v.

22

Praprotnick, 485 U.S. 112, 113 (1988). See also Pembaur v. Cincinnati, 475 U.S. 469 (1986).

139.     Spinelli's enforcement of Gee's policy to wrongfully refuse to deliver the

previously prescribed pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious

beliefs in violation of the Due Process Clause of the Fourteenth Amendment regarding the

deliberate indifference to serious medical need was the "moving force" behind the violation of the

Plaintiff's federally protected rights. Board of County Commissioners v. Brown, 520 U.S. 397

(1997); City of Canton v. Harris, 489 U.S. 378 (1989).

140.     Therefore, Gee is liable for the abridgement of the Plaintiff's right to due process

in regard to deliberate indifference to serious medical need.

141.     As the foreseeable result of the Plaintiff's deprivation of clearly established

federally protected rights under federal law, including Fourteenth Amendment standards, the

Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement. mental

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously

existing condition. Furthermore, Gee's policy caused the Plaintiff to suffer emotional distress and

the emotional distress was severe because the Plaintiff reasonably believed Gee's policy was

causing her to continue with a pregnancy which would have been the product of a rape.   The

losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

142.     Wherefore the Plaintiff demands judgement for nominal, compensatory and

punitive damages against Gee, court costs and attorney's fees pursuant to 42 U.S.C. § 1988.

## COUNT XIII - SPINELLI - STATE LAW CLAIM - DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

143.     The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as set forth

above.

23

144.     Spinelli, in refusing to allow the Plaintiff to take the pill within the prescribed time frame, acted deliberately (with conduct that was more than gross negligence) without due regard for the well-being of the Plaintiff or maliciously and sadistically, with the intent of causing harm.

145.     Spinelli's wrongful refusal to deliver the previously prescribed pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs, constituted deliberate indifference to serious medical need.

146.     Spinelli's wrongful refusal to deliver the previously prescribed pill to the Plaintiff to make the Plaintiff conform to Spinelli's own religious beliefs, constituted a substantial risk or serious harm because of the risk that the Plaintiff would continue with a pregnancy that was the result of a rape.

147.     Spinelli's deliberate or malicious and sadistic conduct constituted deliberate indifference to serious medical need because the need was one that had been diagnosed by a medical doctor as mandating treatment (the Rape Crisis Center attending medical doctor had prescribed the medication) or was a need so obvious that even a lay person would easily recognize the necessity that the Plaintiff take the pill.

148.     At all relevant times, Spinelli was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and drew the inference.

149.     As a direct and proximate result of Spinelli's deliberate or malicious and sadistic conduct, the Plaintiff suffered disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

150.     Wherefore the Plaintiff demands judgment for damages against Spinelli in excess of $15,000.00, court costs and such other relief as this Honorable Court may deem just and

24

appropriate.

## COUNT XIV - ARMOR-  STATE LAW CLAIM -  DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

151.    The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) and one hundred forty-four (144) through one hundred forty-nine (149) as set forth above.

152.    Spinelli committed the state law tort of deliberate indifference to serious medical need as set forth in Count XIII in the course and scope of Spinelli's employment.

153.    As a general rule, a corporation is liable, like a natural person, for the torts of its officers or agents committed in the course and scope of their employment. Sims v. Jefferson Downs Racing Association, Inc., 778 F.2d 1068, 1081 (5th Cir. 1989).

154.    Therefore, Armor is liable for the deliberate indifference to the Plaintiff's serious medical need committed by Spinelli, for the same reasons and to the same extent that Spinelli is liable as set forth in Count XIII.

155.    As a direct and proximate result of Spinelli's deliberate or malicious and sadistic conduct, for which Armor is liable, the Plaintiff suffered disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

156.    Wherefore the Plaintiff demands judgment for damages against Armor in excess of $15,000.00, court costs and such other relief as this Honorable Court may deem just and appropriate.

25

## COUNT XV - SPINELLI -  STATE LAW CLAIM - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

157.    The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as set forth above.

158.    Spinelli, in refusing to allow the Plaintiff to take the pill within the prescribed time frame, acted negligently, without due regard for the well-being of the Plaintiff.

159.    Spinelli's negligent conduct constituted an exception to the "impact rule" as it applies to the negligent infliction of emotional distress, in that the conduct would be expected to cause, and did cause, the Plaintiff to suffer emotional distress at least equivalent to the distress caused by defamation.  See Kush v. Lloyd, 616 So.2d 415 (Florida 1993).

160.    As a direct and proximate result of Spinelli's negligence, the Plaintiff suffered disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  Furthermore, Spinelli's negligence caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Spinelli's conduct was causing her to continue with a pregnancy which would have been the product of a rape.  The losses are either permanent or continuing and The Plaintiff will suffer the losses in the future.

161.    Wherefore the Plaintiff demands judgment for damages against Spinelli in excess of $15,000.00, court costs and such other relief as this Honorable Court may deem just and appropriate.

## COUNT XVI - ARMOR- STATE LAW CLAIM - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

162. The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) and one hundred fifty-eight (158) through one hundred sixty (160) as set forth above.

163. Spinelli committed the state law tort of negligent infliction of emotional distress as set forth in Count XV in the course and scope of Spinelli's employment.

164. As a general rule, a corporation is liable, like a natural person, for the torts of its officers or agents committed in the course and scope of their employment. Sims v. Jefferson Downs Racing Association, Inc., 778 F.2d 1068, 1081 (5th Cir. 1989).

165. Therefore, Armor is liable for the negligent infliction of emotional distress committed by Spinelli, for the same reasons and to the same extent that Spinelli is liable as set forth in Count XV.

166. As a direct and proximate result of Spinelli's negligent conduct, for which Armor is liable, the Plaintiff suffered disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Spinelli's negligence caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Spinelli's conduct was causing her to continue with a pregnancy which would have been the product of a rape. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

167. Wherefore the Plaintiff demands judgment for damages against Armor in excess of $15,000.00, court costs and such other relief as this Honorable Court may deem just and appropriate.

27

## COUNT XVII - SPINELLI - STATE LAW CLAIM - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

168.    The Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as set forth above.

169.    Pleading in the alternative to paragraph 158, in refusing to allow the Plaintiff to take the pill within the prescribed time, Spinelli acted intentionally or recklessly; that is, Spinelli intended the behavior when Spinelli knew or should have known that emotional distress would likely result.  Spinelli's conduct was outrageous; that is, beyond all bounds of decency, atrocious, and utterly intolerable in a civilized community because Spinelli was aware of the Plaintiff's need that Spinelli give the Plaintiff the previously prescribed pill, knew that the Plaintiff would suffer emotional distress arising from the Plaintiff's reasonable belief that Spinelli's not giving her the pill could cause the Plaintiff to continue with a pregnancy which would have been the product of a rape, and yet continued with her refusal in order to force the Plaintiff to conform to Spinelli's religious beliefs and to inflict emotional distress on the Plaintiff as punishment for failing to adhere to Spinelli's beliefs.  See Liberty Mutual Ins. Co. V Steadman, 968 So. 2d 592, 595-96 (Fla. 2d DCA 2007).

170.    As a direct and proximate result of Spinelli's outrageous conduct, the Plaintiff suffered disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  Furthermore, Spinelli's outrageous conduct caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Spinelli's conduct was causing her to continue with a pregnancy which would have been the product of a rape.  The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

171.    Wherefore the Plaintiff demands judgment for damages against Spinelli in excess of

28

$15,000.00, court costs and such other relief as this Honorable Court may deem just and appropriate.

## COUNT XVIII - ARMOR- STATE LAW CLAIM - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

172.    The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) and one hundred sixty-nine (169) through one hundred seventy (170) as set forth above.

173.    Spinelli committed the state law tort of intentional infliction of emotional distress as set forth in Count XVII in the course and scope of Spinelli's employment.

174.    As a general rule, a corporation is liable, like a natural person, for the torts of its officers or agents committed in the course and scope of their employment. Sims v. Jefferson Downs Racing Association, Inc., 778 F.2d 1068, 1081 (5th Cir. 1989).

175.    Therefore, Armor is liable for the intentional infliction of emotional distress committed by Spinelli, for the same reasons and to the same extent that Spinelli is liable as set forth in Count XVII.

176.    As a direct and proximate result of Spinelli's outrageous conduct, for which Armor is liable, the Plaintiff suffered disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Spinelli's outrageous conduct caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Spinelli's conduct was causing her to continue with a pregnancy which would have been the product of a rape. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

177.    Wherefore the Plaintiff demands judgment for damages against Armor in excess of

$15,000.00, court costs and such other relief as this Honorable Court may deem just and appropriate.

## COUNT XIX - ARMOR - STATE LAW CLAIM - NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

178.     The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as set forth above.

179.     Armor negligently hired and retained Spinelli when Armor knew or should have known that Spinelli lacked the competence required to make decisions regarding the custodial or supervisory dispensing of prescribed medications, specifically anti-contraceptives, to inmates.

181.     Armor conducted, or should have conducted, background checks and interviews with Spinelli before she was hired and while she was retained on the job which would have revealed that Spinelli was incompetent to perform the custodial and supervisory functions of dispensing prescribed medications, specifically anti-contraceptives, to inmates because of her closely held religious beliefs.

182.     Therefore, Armor knew, or should have known, that Spinelli was incompetent to perform the custodial and supervisory functions of dispensing prescribed medications, specifically anti-contraceptives, to inmates because of her closely held religious beliefs, and yet hired and retained Spinelli without due regard for the well-being of the Plaintiff.

183.     Armor negligently failed to adequately train and/or supervise Spinelli in decisions regarding the custodial or supervisory dispensing of prescribed medications, specifically anti-contraceptives, to inmates.

184.     Armor, instead of training or supervising Spinelli in decisions regarding the custodial or supervisory dispensing of prescribed medications, specifically anti-contraceptives, to inmates, left those decisions to Spinelli's discretion without due regard for the well-being of the

30

Plaintiff.

185.    Armor negligently failed to adopt and implement guidelines for its personnel, including Spinelli, governing the custodial or supervisory dispensing of prescribed medications, specifically anti-contraceptives, to inmates.

186.    Armor adopted no guidelines for its personnel, including Spinelli, governing the custodial or supervisory dispensing of prescribed medications, specifically anti-contraceptives, to inmates, or alternatively, if Armor did adopt such guidelines, negligently failed to disseminate them or insist on their implementation without due regard for the well-being of the Plaintiff.

187.    As a result of Armor's negligence, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Armor's negligent conduct caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Armor's conduct was causing her to continue with a pregnancy which would have been the product of a rape. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

188.    Wherefore the Plaintiff demands judgment for damages against Armor in excess of $15,000.00, court costs and such other relief as this Honorable Court may deem just and appropriate.

## COUNT XX - ARMOR - STATE LAW CLAIM - BREACH OF CONTRACT

189.    The Plaintiff re-alleges above paragraphs re-alleges paragraphs one (1) through forty-seven (47) as set forth above.

190.    Armor breached its contract with Gee when Spinelli, an employee of Armor in

31

the scope of her employment, wrongfully refused to give the Plaintiff with the previously
prescribed pill.

191.    As a result, the Plaintiff, as an intended third-party beneficiary of the
contract between Armor and Gee, suffered disability, mental anguish, loss of capacity for the
enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of
earnings, loss of ability to earn money, and aggravation of a previously existing condition.
Furthermore, Armor's breach of contract caused the Plaintiff to suffer emotional distress and the
emotional distress was severe because the Plaintiff reasonably believed Spinelli's conduct was
causing her to continue with a pregnancy which would have been the product of a rape.    The
losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

192.    Wherefore the Plaintiff demands judgment for damages against Armor in excess of
$15,000.00, court costs and such other relief as this Honorable Court may deem just and
appropriate. including attorney fees and costs, pursuant to the contract.

## COUNT XXI - GEE - STATE LAW CLAIM - DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

193.    The Plaintiff re-alleges paragraphs one (1) through forty-seven (47).

194.    Gee, in his official capacity as Sheriff of Hillsborough County, at all times material
hereto, had assumed the duty to provide for the needs of the inmates in the Orient Road jail. See
Florida Statutes § 951.032.

195.    The fact that Armor was an independent contractor did not absolve Gee from this
duty because Gee had a special, custodial relationship with the inmates, nor did it insulate Gee
from liability imputed to him by the conduct of Spinelli, in the course and scope of her
employment with Armor.

196.    Pleading in the alternative to above paragraphs 87 and 144, Spinelli, in committing

32

the tort of deliberate indifference to the Plaintiff's serious medical need as set forth in count XIII, acted deliberately, with conduct that was more than gross negligence, without due regard for the well-being of the Plaintiff, but did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, and committed the tort in the course and scope of her employment.

197.    As a direct and proximate result of Spinelli's conduct, imputed to Gee, the Plaintiff suffered disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

198.    Wherefore the Plaintiff demands judgment for damages against Gee in excess of $15,000.00, court costs and such other relief as this Honorable Court may deem just and appropriate.

## COUNT XXII - GEE - STATE LAW CLAIM - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

199.    The Plaintiff re-alleges paragraphs one (1) through forty-seven (47), one hundred fifty-eight (158) through one hundred sixty (160) and one hundred ninety-four (194) through one hundred ninety-five (195).

200.    Spinelli committed the tort of negligent infliction of emotional distress as set forth in Count XVI in the course and scope of her employment.

201.    As a direct and proximate result of Spinelli's negligent conduct, imputed to Gee, the Plaintiff suffered disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. Furthermore, Spinelli's negligence,

33

imputed to Gee, caused the Plaintiff to suffer emotional distress and the emotional distress was severe because the Plaintiff reasonably believed Spinelli's conduct, imputed to Gee, was causing her to continue with a pregnancy which would have been the product of a rape. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

202.    Wherefore the Plaintiff demands judgment for damages against Gee in excess of $15,000.00, court costs and such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury on all issues triable by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via US Mail to Daniel L. Losey, Esquire, of Billing, Cochran, Lyles, Mauro & Ramsay, P.A., SunTrust Center, 6 th Floor, 515 Las Olas Blvd Fort Lauderdale, Florida 33301 Counsel for Armor Correctional Health Services, Inc., David Gee and Michele Spinelli; and to the Florida Chief Financial Officer, Department of Financial Services, 200 East Gaines Street, Tallahassee, Florida 32399 on this 28th day of May, 2011

VIRLYN B. MOORE, III, ESQUIRE
Post Office Box 203
Nokomis, Florida 34274
FBN: 0105104
Ph# (941) 408-7601
Attorney for the Plaintiff

34