UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

R. W.,
    Plaintiff,

vs.                                  CASE NO: 11-CV-1326-EAK-AEP

ARMOR CORRECTIONAL
HEALTH SERVICES, INC., a Florida Corporation,

and

MICHELE SPINELLI,
an individual,

and

DAVID GEE,
Sheriff of Hillsborough County,
in his official capacity,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS IN PART

THIS cause is before the Court on Defendants', ARMOR CORRECTIONAL HEALTH SERVICES, INC. (hereafter "ARMOR"), MICHELE SPINELLI (hereafter "SPINELLI"), and DAVID GEE (hereafter "GEE"), Motion to Dismiss Plaintiff, R.W.'S, Amended Complaint and Incorporated Memorandum of Law. For the reasons outlined below, Defendant's Motion to Dismiss claims will be **GRANTED WITH PREJUDICE** as to state law claims and Plaintiff's claims alleging abridgement of the free exercise of religion and **GRANTED WITHOUT PREJUDICE** with regard to Plaintiff's claims alleging abridgement of equal protection and

deliberate indifference to a serious medical need. Defendant's Motion to Dismiss Plaintiff's claim alleging abridgment of the right to privacy is **DENIED**.

## PROCEDURAL HISTORY

On or about January 26, 2011, Plaintiff petitioned the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, where the action was then pending, for removal to the United States District Court for the Middle District of Florida. The removal was granted on the grounds that Plaintiff sought damages based on allegations of civil rights violations pursuant to 42 U.S.C. §1983.

On May 28, 2011, Plaintiff filed a twenty-two count Amended Complaint alleging twelve Federal, 42 U.S.C. § 1983, claims and ten state law claims in the United States District Court for the Middle District of Florida. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 3.01 of the Middle District Local Rules, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (hereafter "Motion to Dismiss") on June 21, 2011. Defendants' Motion to Dismiss alleges that this Court should dismiss all of Plaintiff's claims for various reasons, including Plaintiff's failure to comply with the pre-suit requirements of Chapter 766, Florida Statutes, which deals with medical malpractice claims. Defendants' Motion to Dismiss further argues that Plaintiff's federal and State law claims should be dismissed for various other reasons. On July 29, 2011, Plaintiff filed Plaintiff's Response and Incorporated Memorandum of Law in Opposition to Defendants' Motion to Dismiss Amended Complaint. Plaintiff argues that the Amended Complaint states a cause of action, with the exception of the 42 U.S.C. § 1983 claims against Armor, which Plaintiff withdrew.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet the minimal pleading requirements, the Rules obligate the Plaintiff to provide the "grounds" of his or her "entitlement to relief" with more than just "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a defendant's Rule 12(b)(6) motion, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and those facts must "state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

A complaint will not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of circumstances that would entitle her to relief." *Conley v. Givson*, 335 U.S. 41, 45-46 (1957). Considerations of the pleadings shall be viewed in the light most favorable to the plaintiff. *Ill. ex Ret. Madigan v. Telemarketing Assoc. Inc.*, 538 U.S. 600, 618 (2003).

## BACKGROUND

The following factual allegations derive from Plaintiff's Amended Complaint, filed May 28, 2011 and are accepted as true for purposes of resolving the instant motion. This dispute arises out of events occurring during Plaintiff's incarceration at Hillsborough County Jail following a

reported rape incident. On January 27, 2007, the Plaintiff filed a report with the Tampa Police Department ("TPD") stating that Plaintiff had been raped earlier that day. (Am. Com. ¶28.) A TPD Officer took Plaintiff to the TPD's Rape Crisis Center (hereafter "Rape Crisis Center"), where specimens were taken, evidence was collected, and, following TPD "rape kit" procedure, two anti-conception pills were prescribed to Plaintiff. (¶29-30.) Plaintiff took the first pill while at the Rape Crisis Center with written instructions from the attending medical doctor to take the second pill twelve (12) hours later. (¶ 31.)

Later that day Plaintiff accompanied the TPD Officer to aid in identifying the crime scene. (¶ 32.) While en route, the TPD Officer discovered that Plaintiff was the subject of an arrest warrant arising from a juvenile case. (¶ 33.) The TPD Officer placed Plaintiff under arrest and took Plaintiff to Hillsborough County Jail on Orient Road in Tampa, Florida (hereafter "Hillsborough County Jail"). (¶ 36.) While incarcerated at Hillsborough County Jail, the second anti-conception pill, along with the medical doctor's written instructions, were removed from Plaintiff's possession. (¶37.) Defendant Spinelli, employed by Armor, an independent contractor charged with providing medical services at Hillsborough County Jail, was responsible for decisions involving Plaintiff's medical care while incarcerated. (¶ 15, 39.)

The next morning, January 28, 2007, Plaintiff requested the second anti-conception pill from Spinelli, explaining that Plaintiff had recently been raped, visited the Rape Crisis Center, and had a prescription from a medical doctor instructing her to take the second pill after twelve hours to prevent the rape from resulting in pregnancy. (¶39.) Spinelli refused to administer the pill to Plaintiff, allegedly stating that it was against her religious beliefs. (¶ 42.)

The Plaintiff remained in jail without bond until Plaintiff's bond was restored, posted, and the Plaintiff was released on January 29, 2007. (¶ 45.) Plaintiff was permitted to take the

second pill before shortly before her release. (¶ 46.) The Court notes that there is no allegation that the failure of the Plaintiff to receive the pill resulted in a pregnancy.

## DISCUSSION

### A. Section 1983 Claims

Plaintiff brings claims against both Spinelli and Gee under 42 U.S.C. § 1983 for 1) abridgment of the right to free exercise of religion (Counts I, IX), 2) abridgment of the right to privacy (Counts II, X), 3) abridgment of the right of equal protection (Counts III, XI) and 4) deliberate indifference to a serious medical need (Counts IV, XII). Under 42 U.S.C. § 1983, a person acting under the color of state law who deprives any citizen of the United States of their rights, privileges or immunities is liable to the injured party. In order to state a claim under 42 U.S.C. § 1983, one "must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). For the reasons articulated below, Defendants' Motions to Dismiss Counts 1 and IX are GRANTED WITH PREJUDICE, Defendants' Motions to Dismiss Counts III, IV, X and XI are GRANTED WITHOUT PREJUDICE, and Defendants' Motions to Dismiss Counts II and X are DENIED.

### 1. Abridgment of the Right to Free Exercise of Religion (Counts I, IX)

Plaintiff's claims alleging abridgment of the right to free exercise of religion are dismissed for lack of standing. In order to sustain a cause of action of the Free Exercise Clause, a plaintiff must allege that his or her "own particular religious freedoms are infringed." *Altman v. Bedford Cent. Sch. Dist.*, 245 F. 3d 49, 71 (2d Cir. 2001)(quoting *Abington Sch. Dist. V. Schempp*, 374 U.S. 203, 224 n. 9 (1963)). "It is necessary in a free exercise case for one to show

the coercive effect of the enactment as it operates against him in the practice of his religion." *Id.* at 233. Plaintiff fails to allege that her desire to proceed with the taking of the second anti-conception medication was compelled by her religious beliefs. Accordingly, Plaintiff lacks standing to assert a Free Exercise Claim and Defendants' Motions to Dismiss Counts I and IX are GRANTED with prejudice.

2. **Abridgment of the Right to Privacy (Counts II, X)**

In the absence of an express Constitutional guarantee of an individual's right to privacy, the Supreme Court has nonetheless recognized the right to privacy to exist within the "liberty" protected by the Due Process Clause of the Fourteenth Amendment. *See Roe v. Wade*, 410 U.S. 113, 152-53 (1973). This right includes protection of an individual's personal autonomy in making certain important decisions, such as those involving marriage, contraception, and procreation. *Whalen v. Roe*, 429 U.S. 589, 598-99 (1977); *Carey v. Population Servs. Int'l*, 431 U.S. 678, 684 (1977). A regulation placed on a lawful abortion "is not unconstitutional unless it unduly burdens the right to seek an abortion." *Webster v. Reproductive Health Services*, 492 U.S. 490, 530 (1989) *Citing City of Akron v. Akron Center for Reproductive Health, Inc.*, 462 U.S. 416, 452 (1983). Because issues regarding Constitutional violations of the right to privacy are considered on a case-by-case basis and Plaintiff has alleged facts sufficient to state a cause of action, Defendants' Motions to Dismiss Counts II and X are DENIED.

3. **Abridgment of the Right of Equal Protection (Counts III, XI)**

Counts III and XI of Plaintiff's Amended Complaint allege that Defendants Spinelli and Gee violated Plaintiff's right to Equal Protection. The Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution provides that "[n]o state shall…deny to any person within its jurisdiction the equal protection of the laws." Nowhere in the factual allegations or in Counts

III or XI of Plaintiff's Amended Complaint did Plaintiff make a legal allegation that she was discriminated against on the basis of sex or make any factual assertion about any action being taken against her on account of her sex. *See Feeney v. Correctional Medical Services, Inc.*, 442 U.S. at 272-74 (1st Cir. 2006)(requiring purposeful, rather than incidental, sex discrimination for an equal protection violation to have occurred). Plaintiff only obliquely references sex discrimination in Plaintiff's Amended Complaint by referencing the relationship between women and pregnancy. However, this alone is not enough to raise a claim of sex discrimination. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 271-72 (1993) (noting that, under the Equal Protection Clause of the Fourteenth Amendment, distinctions based on pregnancy do not *ipso facto* constitute discrimination based on sex). Given the lack of any more specific references to sex discrimination in the Amended Complaint, Defendants' Motions to Dismiss Counts III and XI are GRANTED without prejudice.

4. **Deliberate Indifference to a Serious Medical Condition (Counts IV, XII)**

To establish liability for deliberate indifference to a serious medical need, a plaintiff must prove that the defendant 1) had subjective knowledge of a risk of serious harm, 2) disregard for that risk, and 3) display conduct beyond gross negligence. *Burnette v. Taylor*, 533 F. 3d 1325, 1330 (11th Cir. 2008). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In view of the fact that Plaintiff did not claim that she was denied any medical care, but rather that she received only delayed medical care, without giving any indication that she sustained serious physical injury as a result of the

alleged delayed treatment, Defendant's Motions to Dismiss Counts IV and XII are GRANTED without prejudice.

**B. State Law Claims**

Plaintiff also brings various state law claims against Spinelli and Gee. Plaintiff asserts claims for 1) deliberate indifference to serious medical need (Counts XIII, XXI), and 2) negligent infliction of emotional distress (Count XV, XXII) against both Spinelli and Gee. Additionally, Plaintiff asserts a claim for 3) intentional infliction of emotional distress (Count XVII) against Spinelli. For the reasons set forth below, Defendants' Motions to Dismiss the state law claims against both Spinelli and Gee are GRANTED with prejudice.

### 1. Deliberate Indifference to Serious Medical Need Under State Law

Plaintiff's state law claims against both Spinelli and Gee alleging deliberate indifference to serious medical need fail because the claim is not recognized by Florida law. Florida courts have categorized this cause of action as a civil rights violation in derogation of the Eighth Amendment of the U.S. Constitution and relegated such claims to Federal Court. *Higgs v. Florida Dept. of Corrections*, 647 So. 2d 962, 963 (Fla. 1st DCA 1994) *Citing Estelle v. Gamble*, 429 U.S. 97, 97 (1976).

Even if we were to assume *arguendo* that Florida law recognized deliberate indifference to serious medical need as a cause of action as Plaintiff alleges by referencing, generally, the Restatement (Second) of Torts (Plaintiff's Resp. 11), Plaintiff's claims would nonetheless be dismissed for Plaintiff's failure to comply with the pre-suit requirements in Chapter 766, Florida Statutes. Before filing any claim for personal injury or wrongful death arising from medical malpractice, Florida law requires the claimant to conduct an investigation of the claim and send the defendant notice of intent to sue, along with a corroborating opinion by a medical expert. Fla.

Stat. §766. 104. Florida law mandates the dismissal of claims filed before these prerequisites were met. Fla. Stat. § 766. 206(2). Once the applicable statute of limitations expires, claimant loses the right to cure the default by complying with the pre-suit requirements. *Kukral v. Mekras*, 670 So. 278, 283 (Fla. 1996).

Under Chapter 766, a claim for medical malpractice is defined as "a claim arising out of the rendering of, or the failure to render, medical care or services." Courts have found claims to sound in medical malpractice and held compliance with Chapter 766 pre-suit requirements necessary where the defendant's act or refusal to act was part and parcel of the claimant's overall medical care. *Puentes v. Tenet Hialeah Healthsystem*, 843 So. 2d 356 (Fla. 3d DCA 2003). In *Puentes*, plaintiff brought a negligence claim against the hospital dietician and hospital restaurant employees for their failure to deliver plaintiff, a patient at the time, the hypoallergenic diet prescribed by plaintiff's doctor. The court dismissed plaintiff's complaint with prejudice for failure to comply with Chapter 766 pre-suit requirements, finding that plaintiff's claim sounded in medical malpractice because the alleged act or failure to act was an extension of the medical treatment prescribed by a physician.

Here, Plaintiff's claim sounds in medical malpractice and therefore plaintiff was bound, under Chapter 766, with meeting the pre-suit requirements described above. Plaintiff alleges, among other things, that Spinelli "was charged with the decisions involving the care of Plaintiff, including whether or not to dispense the previously prescribed medication to Plaintiff." (¶ 38.). Additionally, Plaintiff seeks to hold Gee responsible for Spinelli's alleged conduct. (¶ 13.) Though the Court questions Plaintiff's standing to file suit against Gee for Spinelli's actions, or failure to act, it need not reach the issue. Because the conduct in question was an extension of the medical care prescribed by the physician who treated plaintiff at the Rape Crisis Center, Plaintiff

should have complied with the pre-suit requirements under Chapter 766. Since the applicable two-year statute of limitations for medical malpractice claims has expired, Plaintiff has lost her right to cure her failure to file the pre-suit requirements.

### 2. Negligent Infliction of Emotional Distress

Notwithstanding Plaintiff's failure to comply with Chapter 766 Florida Statutes pre-suit requirements, Plaintiff fails to state a claim for negligent infliction of emotional distress. In Florida, these claims for negligent infliction of emotional distress are governed by the "impact rule" designed to assure the validity of claims for emotional distress. *Int'l Ocean Tel. Co. v. Saunders*, 32 Fla. 434, 14 So. 148 (1893). The impact rule requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *Southern Baptist Hosp. of Fla. v. Welker*, 908 So.2d 317 (Fla.2005). The judicially-created rule attempts to safeguard the court from fictitious and speculative claims arising from purely emotional distress. *Id.* Though the court recognizes exceptions to the impact rule, these exceptions arise in extraordinary circumstances where "the foreseeability and gravity of the emotional injury involved, and the lack of countervailing policy concerns, have surmounted the policy rational undergirding application of the impact rule." *Rowell v. Holt*, 850 So.2d 474, 478 (Fla.2003).

Here, Plaintiff failed to present any evidence to suggest that her emotional distress flowed from a physical injury. Instead, Plaintiff alleges that Spinelli's failure to administer the second anti-conception pill resulted in emotional distress from the fear of diminished effectiveness of the pill in preventing pregnancy—a pregnancy which never occurred. In *R. J. Humana of Fla. Inc.*, the Supreme Court of Florida considered plaintiff's allegations of negligent infliction of emotional distress for a misdiagnosis that he was HIV positive. 652 So. 2d 360 (Fla. 1995).

Though the plaintiff allegedly suffered, inter alia, hypertension, pain and suffering, mental anguish, the court found the injuries to be merely "mental injuries" and insufficient to meet the physical injury requirement under the impact rule. *Id.* Similarly, Plaintiff's injuries were purely emotional. Further, Plaintiff's claim falls outside the narrow circumstances recognized as exceptions to the impact rule. Since Plaintiff did not become pregnant from the rape, the Court fails to understand how Plaintiff's losses are "permanent or continuing" (Am. Comp. ¶ 201.) and finds any parallel made to the *Kush* exception to the impact rule untenable. *See Kush v. Lloyd*, 616 So. 2d 415 (Fla. 1992)(Finding the impact rule inapplicable to actions for "wrongful birth" on public policy grounds).

### 3. Intentional Infliction of Emotional Distress

The alleged conduct in the instant case does not constitute conduct so egregious as to satisfy a claim for intentional infliction of emotional distress under Florida law. The essential elements of a claim for intentional infliction of emotional distress are: 1) extreme and outrageous conduct; 2) an intent to cause, or reckless disregard to the probability of causing, emotional distress; 3) severe emotional distress suffered by the plaintiff; and 4) proof that the conduct caused the severe emotional distress. *Gonzalez-Gonzalez-Jimenez de Ruiz v. U.S.*, 231 F. Supp. 2d. 1187, 1199 (M.D. Fla. 2002). The issue of whether the alleged conduct meets the essential elements for a cause of action for intentional infliction of emotional distress is a question of law for this Court to decide. *Id. Citing Metropolitan Life Ins. Co. v. McCarson*, 427 So. 2d 277, 278 (Fla. 1985). Courts have upheld a cause of action for intentional infliction of emotional distress only in "extremely rare circumstances." *Id.* In cases where the cause of action has been upheld, the alleged behavior has been deemed 'so outrageous in character, and so extreme in degree, as

to go beyond all possible bounds of decency.' " *Ponton v. Scarfone*, 468 So.2d 1009, 1011 (Fla. 2d DCA 1985) (quoting *Metropolitan*, 467 So.2d at 278).

Plaintiff's failure to comply with Chapter 766 pre-suit requirements aside, here Plaintiff has also failed to allege facts to satisfy any of the elements to establish a prima facie case for a cause of action for intentional infliction of emotional distress. In fact, Plaintiff alleges that Spinelli refrained from administering the second anti-conception pill because of Spinelli's religious beliefs, not because Spinelli intended for Plaintiff to suffer severe emotional distress, as this cause of action demands. (¶¶ 49-51.) Though perhaps morally reprehensible, Spinelli's delay in administering Plaintiff's second anti-conception pill does not amount to intentional infliction of emotional distress under Florida law. Accordingly, it is:

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law be **GRANTED with prejudice** in part, **GRANTED without prejudice** in part, and **DENIED** in part as set forth above. The Plaintiff has ten (10) days from this date to file amended complaint on the counts denied without prejudice or to proceed forward on the only remaining count from the amended complaint, §1983 claim as to the abridgement of the right to privacy. If the amended complaint is not filed, Defendants have twenty (20) days from this date to answer the amended complaint.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 21st of November, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE