UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

R.W.,

    Plaintiff,

v.                                          Case No: 8:11-cv-1326-T-17AEP

MICHELLE SPINELLI, an individual,
and DAVID GEE, Sheriff of
Hillsborough County, in his official
capacity,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This matter comes before the Court upon Defendant Sheriff David Gee's Amended Motion to Strike Plaintiff's Claim for Punitive Damages as to Sheriff David Gee (Dkt. No. 79). Although Plaintiff's counsel was made aware of the pending motion at a hearing held on November 12, 2013, Plaintiff has not filed a response to Sheriff Gee's Motion. Because Plaintiff is not entitled to punitive damages against Sheriff Gee in his official capacity and because Plaintiff has failed to respond to Sheriff Gee's Motion within the required time frame, it is recommended that Sheriff Gee's Motion be granted.

       Plaintiff commenced this action under 42 U.S.C. § 1983 against Michelle Spinelli and Sheriff Gee in his official capacity, alleging violations of her right to privacy and right to equal protection. (Dkt. No. 23.) As part of her requested relief, Plaintiff seeks an award of punitive damages against Sheriff Gee in his official capacity. (Dkt. No. 23 at 14.) However, an action against Sheriff Gee in his official capacity amounts to an action against Hillsborough County itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official

capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)))  And punitive damages cannot be awarded against a municipality unless expressly authorized by statute.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259 (1981).  As of yet, Florida has not waived sovereign immunity as to punitive damages against municipalities.  *See* § 768.28(5), Fla. Stat. (2006).  Thus, Plaintiff is not entitled to punitive damages against Sheriff Gee in his official capacity and her claim for punitive damages against Sheriff Gee should be stricken.  *See Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995).

Accordingly, and after due consideration, it is hereby

RECOMMENDED:

1.  Sheriff Gee's Amended Motion to Strike Plaintiff's Claim for Punitive Damages as to Sheriff David Gee (Dkt. No. 79) be GRANTED; and

2.  Plaintiff's claim for punitive damages against Sheriff Gee be stricken.

IT IS SO REPORTED in Tampa, Florida, this 26th day of November, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:
Counsel of record
Honorable Elizabeth A. Kovachevich

NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (en banc).