UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

R.W.,
    Plaintiff,

vs.                                            Case No. 8:11-CV-1326-EAK-AEP

MICHELE SPINELLI,
An individual, and DAVID GEE,
Sheriff of Hillsborough County,
in his official capacity,

    Defendants.
_____ /

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Defendants' Motion for Summary Judgment (Doc. 54). Plaintiff's Third Amended Complaint asserts four counts against two individuals, Michele Spinelli and Sheriff David Gee, on two different grounds – right of privacy and equal protection under 42 U.S.C. § 1983. At this stage in the proceedings, Plaintiff now concedes that Counts II and IV, alleging violations of Plaintiff's Fourteenth Amendment right to equal protection, fail as a matter of law. Therefore, the Court will only address Counts I and III, alleging violations of Plaintiff's right to privacy under 42 U.S.C. § 1983. For the reasons set forth below, Defendants' Motion for Summary Judgment is **DENIED** as to Counts I and III.

**BACKGROUND**

Plaintiff, R.W. ("Plaintiff"), alleges she was raped by an unidentified assailant in broad daylight on January 27, 2007 (Doc. 23). On the same day, the rape was reported to the Tampa Police Department ("TPD"), and Plaintiff was taken by the TPD to the TPD's Rape Crisis Center (Doc. 23). The Rape Crisis Center's attending medical doctor prescribed two anti-conception pills (Doc. 23). At the direction of the Rape Crisis Center's medical doctor, the Plaintiff immediately ingested one of the pills while at the Rape Crisis Center and took the second pill with her, along with instructions from the doctor to take the second pill twelve hours later (Doc. 23).

That same day, Plaintiff accompanied the TPD Officer back to the area where the rape took place in an attempt to locate the exact crime scene (Doc. 23). The TPD Officer discovered that there was a warrant out for the Plaintiff's arrest (Doc. 23). The TPD Officer subsequently arrested the Plaintiff and took her to the Hillsborough County Jail on Orient Road, Tampa, Florida (Doc. 23). While incarcerated in the Hillsborough County Jail, the remaining anti-conception pill and instruction from the medical doctor were placed in the inmate property storage room (Doc. 54-2).

Defendant, Michele Spinelli ("Spinelli"), worked at the jail as a nurse for a private contractor, and provided ordered medications to inmates in the jail on January 28, 2007 (Doc. 55). Plaintiff asked Spinelli for the second dose of the morning after pill on January 28, 2007 (Doc. 23). Plaintiff alleges that Spinelli refused to give her the pill, saying that it was against Spinelli's religious beliefs (Doc. 23). Plaintiff was permitted to take the pill the day after, "just prior to her release," on January 29, 2007 (Doc. 23). The complaint and subsequent motions do

not indicate who allowed her to take the second pill. Plaintiff did not become pregnant as the result of the rape.

In Count I of the Third Amended Complaint, Plaintiff sets forth a claim against Spinelli under 42 U.S.C. § 1983 for violating her right to privacy (Doc. 23). Plaintiff alleges that, by "wrongfully refusing to let the Plaintiff take the previously prescribed pill, Spinelli committed an 'unwarranted governmental intrusion into matters so fundamentally affecting a person as the decision whether to bear or beget a child.'" (Doc. 23) (quoting *Eisenstadt v. Baird*, 405 U.S. 438, 453 (1972)). In Count III, Plaintiff sets forth a right to privacy claim against David Gee ("Gee"), in his official capacity as Sheriff of Hillsborough County, under § 1983. Plaintiff claims that Spinelli made the unconstitutional decision to refuse Plaintiff the second anti-conception pill "as the person designated by Gee, in his official capacity as Sheriff of Hillsborough County, with 'final policymaking authority' over whether to provide previously prescribed contraceptive medicine to inmates at the Orient Road jail when such action was contrary to Spinelli's own religious beliefs." (Doc. 23).

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48.

The party seeking summary judgment has the initial burden of presenting evidence indicating that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322. The burden then shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings that a genuine issue material to the case exists. *Id*. at 331.

## ANALYSIS

**COUNT I – Violation of Fourteenth Amendment Right to Privacy as to Defendant Spinelli**

The Plaintiff alleges that Spinelli violated her Right to Privacy under the Fourteenth Amendment when the Plaintiff requested that Spinelli provide her with the anti-conception pill and Spinelli refused saying that it was against her (Spinelli's) religion (Doc. 23). These alleged statements are disputed.

In a deposition on May 7, 2013, Spinelli testified that she told the Plaintiff that she could not give the Plaintiff the anti-conceptive pill without an order (Doc. 54-2). The Plaintiff then accused Spinelli of not giving her the medication because she didn't believe her (Doc. 54-2). Spinelli tried to reassure her that her decision had nothing to do with her own opinions or beliefs or on what happened to the Plaintiff, and instead offered the explanation that the decision to withhold the second pill was based on the policies of the correctional institution--that must be followed for the safety and well-being of all inmates and staff (Doc. 54-2).

Of course, this dispute only matters if it is a material one. In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court stated that "the substantive law will identify which facts are material."

477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. This Court understands that the issue as to Count I is whether or not the dispute regarding Spinelli's statements is a genuine issue of material fact regarding a violation of the Plaintiff's constitutional rights. Here, neither party has provided this Court with any substantive law on point in order for this Court to make a determination as to whether or not Spinelli's statements are, in fact, material. This Court should not be placed in a position requiring it to make a decision as to the merits of a motion for summary judgment without being provided with the applicable legal framework to guide its decision. "In a motion or other application for an order, the movant shall include . . . a memorandum of *legal authority* in support of the request . . ." Local Rule 3.01(a) (emphasis added).

While this Court finds compelling Defendants' argument that Spinelli's statements are immaterial because she did not have the authority pursuant to a Medical Administrative Record (MAR), order, or medical chart indicating that Plaintiff was to receive the medication. The Defendants' Motion for Summary Judgment as to Count I cannot be granted without supporting legal authority. Therefore, because this Court has not been provided with the legal framework to address the facts presented in the pleadings, Defendant's motion as to Count I is denied.

**COUNT III** - **Violation of Fourteenth Amendment Right to Privacy as to Defendant Gee**

The Plaintiff alleges that because Gee, in his official capacity, had not promulgated any policy addressing the issue of what nurses should do in the event that their personal beliefs conflict with a request for the dispensing of anti-conception pills, this left Spinelli to address the issue without any supervision, guidance or direction on what the policy should be. Therefore, the Plaintiff Gee is liable for the abridgment of the Plaintiff's Fourteenth Amendment right to

privacy (Doc. 23).

This Court understands that the issue as to Count III is the delegation of policymaking authority for purposes of imposing civil liability against the Municipality of Hillsborough County. *See. City of St. Louis v. Praprotnik*, 485 U.S. 112. However, once again, neither party has provided this Court with any legal authority to apply regarding the contention that Sheriff Gee delegated final policymaking authority to Spinelli.

Again, this Court should not be placed in a position to rule on the merits of a summary judgment motion without being provided the applicable legal framework to guide its decision, and the Court is not inclined to do the parties' work for them. Therefore, because this Court has not been provided with the legal framework to address the facts presented in the pleadings, Defendant's motion as to Count III is denied.  Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment is **DENIED** as to Counts I and III.  However, Count II and IV are dismissed based on the concession of the Plaintiff that they fail as a matter of law.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 3rd day of December 2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.